IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**NATHANIEL LEE DELOACH**                                   **PLAINTIFF**

**VERSUS**                          **CIVIL ACTION NO. 1:09cv288HSO-JMR**

**MICHAEL J. ASTRUE,**                                       **DEFENDANT**
**COMMISSIONER OF SOCIAL SECURITY**

**ORDER ADOPTING REPORT AND RECOMMENDATION
TO DENY PLAINTIFF'S MOTION TO REVERSE OR
REMAND AND TO AFFIRM DECISION OF COMMISSIONER**

This cause comes before the Court on Plaintiff's Objections [31-1] to Chief Magistrate Judge John M. Roper's Report and Recommendation [29-1] entered in this cause on July 22, 2011. Magistrate Roper reviewed the pleadings on file and determined that based on the record, Plaintiff's Motion to Reverse or Remand should be denied and the Commissioner's decision should be affirmed. *See* Report and Recommendation at p. 10. Plaintiff has filed Objections [31-1] to the Report and Recommendation. After review of the record, the Court, being fully advised in the premises, finds that said Recommendation should be adopted as the opinion of this Court for the reasons that follow.

I. DISCUSSION

A.    **Standard of Review**

Because Plaintiff has filed Objections to the Magistrate's Report and Recommendation, this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which

objection is made." 28 U.S.C. § 636(b)(1); *see also Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (Party is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made"). The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge, *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993), nor need it consider objections that are frivolous, conclusive, or general in nature, *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1997). This Court must determine whether or not the Commissioner's decision is supported by substantial evidence and, if it is, then it must affirm the decision of the Commissioner.

**B.     Plaintiff's Objections to the Report and Recommendation**

In his Objections, Plaintiff first states that he accepts the decision fully, yet he takes issue with his residual functional capacity assessment performed by Dr. Glenn James, R. 21-2, pp. 98-105, and the vocational assessment performed by Bethany Sanders, R. 21-1, pp. 135-140. Specifically, Plaintiff argues these reports are inaccurate "due to the fact that I have not ever met or examined by [sic] Bethany Sanders or Dr. Glenn James . . . ." R. 31-1, Pl.'s Obj. at p. 1.

The Report and Recommendation thoroughly examined the issues, as well as the requirements Plaintiff needed to satisfy to establish disability. The Administrative Law Judge concluded that, based on the medical and other evidence, including Plaintiff's heart issues and medication levels, he maintained a residual functional capacity to perform light work with certain conditional limitations. R.

21-1, ALJ Decision pp.13-19, at p. 19. The ALJ further found that based on the testimony of the Vocational Expert, specifically the hypothetical questions posed during the hearing, there were jobs in the national economy which Plaintiff was capable of performing. *Id.* In arriving at this decision, the ALJ found that the "opinion of the state agency physician that the claimant is capable of light work is supported by the objective medical evidence and it has therefore been given significant weight." R. 21-1, ALJ Decision pp. 13-19, at p. 17.

Based on the evidence, this Court finds that Plaintiff's assertion that he was never examined by Sanders and James is contrary to the record and the evidence, specifically the Disability Determination and Transmittals, R. 21-1, pp. 51-52, and the reports and assessments prepared by Sanders, R. 21-1, pp. 135-140, and James, R. 21-2, pp. 98-105, which are included in the Administrative Record. Moreover, there is substantial evidence in the record to support the Commissioner's finding that Plaintiff has the residual functional capacity ["RFC"] to perform light work, and that there are a significant number of jobs in the national economy which Plaintiff could perform. The Court therefore finds that Plaintiff's Objections should be overruled.

## II. CONCLUSION

As required by 28 U.S.C. § 636(b)(1), this Court has conducted an independent review of the record and a *de novo* review of the matters raised by Plaintiff's Objections. For the reasons set forth above, the Court concludes that there was substantial evidence to support the ALJ's decision that Plaintiff was not

disabled.  Plaintiff's Objections [31-1] should be overruled. The Court further concludes that the Magistrate's Report and Recommendation should be adopted as the findings of the Court.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiff's Objections [31-1] filed in this cause on August 11, 2011, should be, and hereby are, **OVERRULED.**

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Report and Recommendation [29-1] of Chief Magistrate Judge John M. Roper entered on July 22, 2011, should be, and hereby is, adopted in its entirety as the findings of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff's Motion to Reverse and Remand [24-1] should be, and hereby is, **DENIED,** the decision of the Commissioner is **AFFIRMED**, and this civil action is hereby **DISMISSED WITH PREJUDICE**.  A separate judgment will be entered in accordance with this Order as required by Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 29th day of August, 2011.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE